Earle, J.
The questions presented for the consideration of the Court, arise under the will of Thomas Drayton, deceased, and relate to the contingent legacy to Thomas Drayton Grimke, in remainder, on his attaining the age of twenty-one years, and assuming the surname of the testator, the event having occurred, and the condition being complied with. The °lause *s these words. “Item, I give and bequeath *my driver Dick, and his family, to wit, his wife and children ; also my carpenters, Robert, Joe and Jim, and my house servants, George and Daniel, with the future issue of the females, from this date, to my son William Henry Drayton during his natural life,” with limitation over, and on failure thereof, a portion of the said negroes the testator bequeaths to his *155 grandson, on the event and condition above stated. Having attained .twenty-one years of age and assumed the name of Thomas Grimke Drayton the previous limitation having failed, and the legacy having vested, he claims the present possession of the negroes ; and the question, which is confined by the case made to driver Dick and family, George a coachman and Robert a carpenter, is whether he is entitled to the immediate possession of them, or whether they are embraced within the general provision of the first clause of the will in these words, “ I will order and direct, that my estate be kept together until my just debts are fully paid and satisfied it being admitted that this has not yet been accomplished. It is conceived that this question has been concluded by the opinion of the Court of Appeals, on other clauses of the will containing bequests to the daughters of negroes, of a similar character and using the same phraseology ; as “ I give and bequeath the following house servants, to wit, Sam, London and Carpenter Abram, with the increase to such of my daughters as are unmarried at my death, as long as they shall continue unmarried and as in this clause, “ I give and devise to such of my daughters as shall continue unmarried at my death the use of my plantatation on Ashley called Magnolia, and the adjoining tracts.” Upon these and other similar clauses containing bequests to the daughters, this Court held an Appeal from the Circuit decree of the Chancellor, that this property, Magnolia and the other tracts of land, as well as the negroes, were exempted from the operation of the general clause declaring the estate to be kept together, that the testator did not intend to deprive the objects of his affection and bounty of the immediate use of the property, and that they were entitled to present possession. It is conceived, that all the reasoning of the Court in that case, applies with equal force to the *clause now in question ; and I think the Chancellor in the present, case has been led into some misapprehension in the view he has taken of that decision. Magnolia, a place no longer cultivated, and the carriage and horses, were, it is true, considered as unproductive, not available to any extent in paying off the debts; and it seems to be insisted, that the testator could not have intended to deprive his daughters of the present use or to postpone the enjoyment until the legacy might be no longer beneficial. But it could not be well or truly said, that the negroes, although not field hands, were unproductive,'for there were three fellows, one a carpenter, and three grown women, contained in the clause in favor of the unmarried daughter. The Court say, “ by the clause kept together until the debts are paid,” the testator meant no more than that the absolute right of the legatees and devisees ip their respective shares should not vest until the debts were paid, because, although the productive part of the estate was competent to the payment of his debts at that time, yet by some casualty this expectation may have been disappointed, and in that event the specific legacies may have been necessary for the payment of the debts, and this is by no means inconsistent with the present use by the respective legatees. They may enjoy the property until that event shall happen, or until the claims of the creditors are enforced, which the testator would not have restrained by any provision in his will.”
I think, therefore, that the Court intended to decide that the general clause, directing the estate to be kept together, was not intended to embrace the specific legacies — and that all the negroes specifically be *156 queathed, passed immediately. Having so held in relation to the devises and bequests to the daughters, a different rule of construction cannot now be adopted, in relation to a clause using the same phraseology, and bequeathing negroes of a similar description. It will be borne in mind, that they formed but a small portion of the estate, and the Court seems to have considered the restrictive clause as intended only to apply to the mass of the estate, which forms the residue for final distribution. This view' sfo-’sngthed by *the fact that William Henry Drayton the first taker, had but a life-estate. And as he had no other estate than this, and the mass of property intended for him constituted the fund for the payment of debts, it is most likely that the special provision in this clause was intended for his immediate use — a portion of this legacy having now vested in Thomas Grimke Drayton, it is the opinion of this Court that he is entitled to the immediate possession of the negroes in question. The decree of the Chancellor, on this part of the case, is therefore reversed.
Pettigru, contra.
Another question relates to the meaning of “ Driver Dick and his family, to wit, his wife and childrenand as Dick, at the date of the will, had children by former wives then dead, it is asked whether they pass under the term ‘children.’ The testator, by adding the words “to wit, his wife and children,” has clearly put the same construction on the word “family,” which the Court would have done after the case of Pringle v. Executors of M’Pherson, 2 Eq. Rep. 524, and obviously intended only the wife then living at the date of the will, and the issue of their cohabitation, as the Chancellor has decided. Their being grandchildren born after the execution of the will, it might be questioned, since the case of Tydiman v. Rose, decided here last term, whether they would pass. But the terms of. the bequest avoid this question, for they expressly include the children of Dick, with the future issue of the females, from the date.
The last question relates to the intermediate profits, from the death of William Henry Drayton, the first tenant for life; and it is asked, whether Thomas Grimke Drayton is entitled to receive them, or they become a portion of the residue for the payment of debts. This question was fully considered by this Court, in a former occasion, in relation to this very legacy, and it was decided, that as the legacy to the present claimant, and others standing in the same relation, was contingent, and there was nothing in the will to indicate an intention, on the part of the testator, to provide a fund for their maintenance and education, they were not entitled to interest. The intermediate *profits stand under the will in the place of interest; if Mr. Drayton was not entitled to interest until the legacy vested, he is not entitled to the profits. On the two last questions presented, the decree of the Chancellor is affirmed.
Johnson and O’Neall, Js., concurred.
King, for the appellant.